**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> *ex rel.* ROXANNE KLINE, ) <br> and ROXANNE KLINE, individually, ) <br> ) <br> ) Case No. 13-cv-7837 <br> Plaintiffs, ) <br> ) Judge Rebecca R. Pallmeyer <br> V. ) <br> ) <br> ) <br> DOCS AT THE DOOR, P.C., AJIBOLA AYENI, ) <br> BANIO KOROMA, FIRAS ZAHWE, ) <br> GATEWAY HEALTH SYSTEMS, INC., ) <br> and JOY H. TURNER-AYENI, ) <br> ) <br> Defendants. ) | |

**DEFENDANT DR. FIRAS ZAHWE'S RULE 12(b)(1) AND RULE 12(b)(6)
MOTION TO DISMISS RELATOR'S NON-INTERVENED COMPLAINT**

Defendant Dr. Firas Zahwe, by and through counsel, Hart McLaughlin & Eldridge, LLC, moves this Court to dismiss Plaintiff-Relator Roxanne Kline's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) as follows:

**INTRODUCTION**

Plaintiff-Relator Roxanne Kline, a non-attorney and former marketer and medical assistant at Defendant Docs at the Door, filed this *qui tam* action in 2013. Relator alleged fraudulent claims under the False Claims Act, 31 U.S.C. § 3729, in connection with home health services and physician visits. (Dkt. #1.) Specifically, Relator alleged that Defendants Gateway Health Systems and Docs at the Door presented claims to Medicare for home health services which were either not performed or not as complicated as those for which reimbursement was requested.

Dr. Firas Zahwe, a newly minted medical school graduate employed by Docs for less than a year, was generally alleged to have falsely certified a handful of home visits at his employer's request. Against Dr. Zahwe, Relator brought counts for Presentation of False Claims, 31 U.S.C. § 3729(a)(1)(A) (Count VII); False Record or Statements, 31 U.S.C. § 3729(a)(1)(B) (Count VIII); and along with all other Defendants, Conspiracy to Violate the False Claims Act, § 3729(a)(1)(C) (Count XIII). (*See* Dkt. #1.)

In October 2017, the action was stayed pending the resolution of a related criminal case against Defendant Ajibola Ayeni. (Dkt. # 24.) Around the same time, on October 17, 2017, the United States government elected to intervene against Defendants Docs at the Door, P.C., Ajibola Ayeni, Gateway Health Systems, Inc., and Joy H. Turner Ayeni. (Dkt. #26.) The government declined to intervene against Dr. Zahwe as well as Defendant Banio Koroma. Accordingly, only the Relator is pursuing claims against Dr. Zahwe.

The case remained stayed for several years until late 2021, when Mr. Ayeni's criminal matter concluded and this matter's stay was lifted. (Dkt. #83.) Shortly thereafter, Relator's attorney withdrew from this litigation. (Dkt. #84.) Accordingly, as of February 8, 2022, Relator has been proceeding *pro se*. (Dkt. #87.)

Dr. Zahwe now moves to dismiss Relator's Complaint with prejudice pursuant to Rule 12(b)(1) and Rule 12(b)(6).

## OVERVIEW OF ARGUMENT

The Court should dismiss Relator's claim with prejudice for three independent reasons. First, the Relator has no standing to pursue this qui tam action against Dr. Zahwe. The Seventh Circuit has long held that, in order to have standing to pursue a claim for injury to the government under the False Claims Act, a relator must be a licensed attorney or represented by one. Because the Relator

2

here is neither a licensed attorney nor represented by one, the Court lacks subject matter jurisdiction and, therefore, each of Relator's claims must be dismissed.

Second, the public disclosure doctrine bars each of Relator's claims against Dr. Zahwe. The public disclosure doctrine precludes claims based on information already publicly available, unless the relator can show that she was the "original source" of the facts alleged in support of her claims. Here, the public domain contained reports of the precise type of fraud pled against Dr. Zahwe prior to Relator's filing of the Complaint. Indeed, one such report chronicled the same kind of Medicare fraud here—misrepresentation regarding the health status of, or type of care required by, Medicare recipients—involving one of the named Defendants (Banio Koroma) with another home healthcare provider. Further, Relator Kline was not the original source of the information alleged in the Complaint. Accordingly, each of the claims against Dr. Zahwe must be dismissed under the public disclosure doctrine.

Finally, each the claims pled against Relator sounds in fraud and, therefore, must be pled with specificity under Fed. R. Civ. P. 9(b), including pleading the who, what, where, when, and how of the alleged fraud. Relator has failed to meet Rule 9(b)'s specificity requirement for any of her claims against Dr. Zahwe. Therefore, Relator's claims must be dismissed under Rule 12(b)(6).

For each of these reasons, Relator's Complaint should be dismissed with prejudice.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. *U.S. ex rel. Mcgee v. IBM Corp.*, 81 F.Supp.3d 643, 654 (N.D. Ill. Feb. 26, 2015). The standard of review for a 12(b)(1) motion depends on its purpose. *Id.* Where there is a factual challenge to Plaintiff's Complaint, as is the case here, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue

3

to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008).

A Rule 12(b)(6) motion to dismiss, on the other hand, tests the sufficiency of the complaint on its face. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Relator must plead factual allegations sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). Mere "conclusions" or a "formulaic recitation of the elements of a cause of action" are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

### I. Plaintiff lacks standing to pursue claims against Dr. Zahwe because she is *pro se*.

The Seventh Circuit has routinely held that a *pro se* relator cannot prosecute a *qui tam* action for injury to the government. *U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004), *abrogated on other grounds by U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009); *see also U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F.Appx. 731, 732 (7th Cir. 2006) (holding that a *qui tam* relator "must comply with the general rule prohibiting nonlawyers from representing other litigants"). The reason for this rule is that such *qui tam* actions inherently introduce the government as a party and, in order to properly maintain suit on the government's behalf, the relator must be a lawyer or represented by one. *Lu*, 368 F.3d at 775-76.

Here, the Relator is proceeding *pro se* against Dr. Zahwe, exclusively on claims seeking recovery for injury to the government. (*See* Dkt. #1, Counts VII, VIII, & XIII.) Therefore, the Court should dismiss each of the claims against Dr. Zahwe with prejudice.

While the Relator also alleges she personally suffered damages due to Docs at the Door terminating her employment, these allegations are connected solely to her employer Docs at the Door. (Dkt. #1, ¶¶ 10, 81.) Relator does not allege that such termination is any way connected to Dr. Zahwe, a young doctor who worked for Docs at the Door for a short time after medical school and who never

had any ownership interest in the Defendant home healthcare providers or any authority to terminate Ms. Kline. Indeed, the counts pled against Dr. Zahwe allege only harm to the government; they do not allege harm to Relator. (*See* Dkt. #1, ¶¶ 102, 105, 120.)

For this reason, the Relator lacks standing to pursue the claims alleged against Dr. Zahwe. The Court should therefore dismiss those claims under Rule 12(b)(1) for lack of subject matter jurisdiction.

### II. The Court lacks subject matter jurisdiction pursuant to the "public disclosure" bar.

The False Claims Acts states that a court lacks subject matter jurisdiction where a complaint is "based upon the public disclosure of allegations or transactions in a . . . Government [General] Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 37 U.S.C. § 3730(e)(4)(A). Under this provision, if the basis of a relator's suit has been "publicly disclosed" prior to suit, then her claim must be dismissed unless she can show that she is the "original source" of the information. *U.S. ex rel. Gear v. Emergency Medical Associates of Ill., Inc.*, 436 F.3d 726, 728 (7th Cir. 2006).

Here, the fraudulent conduct alleged by relator had been in the public domain for years prior to Relator's filing suit in 2013. Moreover, the Relator's Complaint fails to show that she is the original source of the information. Accordingly, the Court dismiss Relator's Complaint against Dr. Zahwe under the FCA's public disclosure bar.

### A. The type of fraud alleged against Dr. Zahwe was in the public domain for years prior to Relator's filing of the Complaint.

The public disclosure provisions of the FCA were added in 1986 as part of a Congressional effort to avoid the "risk that unnecessary 'me too' private litigation would divert funds from the treasury" by forcing the government to investigate superfluous claims. *U.S. ex rel. Goldberg v. Rush Univ. Med. Ctr.,* 680 F.3d 933, 934 (7th Cir. 2012). In assessing whether a relator's allegations are "based upon [a] public disclosure," the Seventh Circuit has broadly interpreted that to mean "substantially

5

similar to publicly disclosed allegations." *Leveski v. ITT Educational Services, Inc.*, 719 F.3d 818, 829 (7th Cir. 2013). Put differently, a "public disclosure exists under §3730(e)(4)(A) when the critical elements exposing the transaction as fraudulent are placed in the public domain." *U.S. ex rel. Feingold v. Administar Federal, Inc.*, 324 F.3d 492, 495 (7th Cir. 2003). Accordingly, the allegations in the complaint need not be identical to those publicly available in order for the public disclosure bar to apply. Moreover, it is not necessary for public records to identify the specific defendants named in an FCA lawsuit where documentation of industry-wide abuses indicates defendants' liability. *Gear,* 436 F.3d at 729.

The Seventh Circuit opinion in *Gear v. Emergency Medical Associates of Ill.*, is instructive. *Id.* at 727. There, a medical resident filed suit against his employer, a teaching hospital, alleging that the facility fraudulently billed Medicare for services performed by residents as if those services had been performed by attending physicians. *Id.* Defendants obtained summary judgment on the grounds that the relator's allegations had been publicly disclosed prior to his filing suit. *Id.* The Seventh Circuit affirmed, finding that there had been widespread documentation of the type of alleged fraud in both Department of Health and Human Services audits and medical news sources, and that the relator's allegations were therefore in the public domain. *Id.* at 728-29.

Similarly, here, a documented pattern of the types of fraud alleged against Dr. Zahwe was investigated and publicly reported in the years immediately preceding the filing of Relator's Complaint. Specifically, in its annual Health Care Fraud and Abuse Control Annual Reports for the years 2007, 2010, and 2011, the U.S. Department of Health and Human Services charted the proliferation of the exact type of Medicare fraud alleged by Relator, namely, the certification of non-homebound patients as homebound for purposes of receiving a higher payment.[1] Furthermore, only a few months before

---

[1] *See* The Department of Health and Human Services and The Department of Justice, *Health Care Fraud and Abuse Control Program Annual Report for Fiscal Year 2007*, at 15 (highlighting cases in which physicians improperly certified homebound patients to receive improper Medicare payments); *see also* The Department of Health and Human Services and The

6

the Relator filed her Complaint, the Department of Justice published a press release announcing the arrest of various employees of a Chicago-based company called Mobile Doctors, who were accused of falsely certifying patients as homebound, thereby enabling them to obtain additional Medicare fees.[2] One of the Mobile Doctor employees implicated was Banio Koroma, who Relator named as a Defendant here based on Mr. Koroma's involvement with Docs at the Door.

These publications demonstrate that the Relator's allegations are based on public information, not her personal, independent observations. Indeed, Plaintiff's allegations suggest that she simply took that publicly available information and reproduced similar allegations against Dr. Zahwe. Such claims are barred by the public disclosure doctrine, unless the Relator can show that she is the original source of the information—which she cannot.

### B. Plaintiff is not an original source.

There is a narrow exception to the public disclosure bar for relators who are the "original source" of the information in the public domain. To establish that one is an original source, a plaintiff must plead facts which show that she was in a position to independently learn of the alleged fraud. *See* 31 U.S.C. § 3730(e)(4)(A) and (B) (discussing the need to have "direct and independent knowledge" of the information); *see also Glaser v. Wound Care Consultants, Inc.*, 530 F.3d 907, 921-22 (7th Cir. 2009) (explaining that the Seventh Circuit has "required that the relator be someone who would have learned of the allegations or transactions independently of the public disclosure").

Relator here has not alleged facts showing that she is an original source. Relator's allegations as to her independent knowledge of the claims against Dr. Zahwe are merely reproductions of stock

---

Department of Justice, *Health Care Fraud and Abuse Control Program Annual Report for Fiscal Year 2010*, at 33-34 (reporting on instances of widespread home health care Medicare fraud in New York and Michigan); The Department of Health and Human Services and The Department of Justice, *Health Care Fraud and Abuse Control Program Annual Report for Fiscal Year 2011*, at 32-33 (documenting numerous instances of home health care Medicare fraud nationwide).

[2] Press Release, FBI, Mobile Doctors' Chicago CEO and Doctor Arrested on Federal Health Care Fraud Charges (Aug. 27, 2013), https://archives.fbi.gov/archives/chicago/press-releases/2013/mobile-doctors-chicago-ceo-and-doctor-arrested-on-federal-health-care-fraud-charges (last visited Mar. 13, 2022).

language from the FCA. Importantly, Relator fails to plead facts indicating *how* she obtained such knowledge with respect to Dr. Zahwe. (*See* Dkt. #1, ¶ 21 ("Relator . . . has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions . . .").) Absent additional allegations demonstrating how Relator's position at Docs at the Door gave her independent knowledge of Dr. Zahwe's alleged misconduct, Relator's Complaint is insufficient to meet the original source exception to the public disclosure bar.

    III.    **Relator fails Rule 9(b)'s heightened pleading standard.**

        **A. Plaintiff's allegations of fraud against Dr. Zahwe fail to meet Rule 9(b)'s heightened pleading standard.**

"The FCA is an anti-fraud statute and claims under it are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *U.S. ex rel. Gross v. Aids Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005). This requires that a plaintiff specify the "who, what, when, where, and how" of the alleged fraud. *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). Relator seeks to hold Dr. Zahwe accountable under 31 U.S.C. § 3729(a)(1)(A), which imposes liability against any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," (Count VII), and under 31 U.S.C. § 3729(a)(1)(B), which prohibits one who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" (Count VIII).

Here, Relator has failed to plausibly plead that Dr. Zahwe's certification of homebound patients was fraudulent. Relator alleges in conclusory fashion that certain patients could drive a car or cook for themselves and, therefore, were not homebound despite their being certified as such. However, Relator was an administrator at Docs at the Door who did not personally visit or examine patients. (Dkt. #1, ¶ 10.) Relator fails to allege how she acquired independent knowledge of the medical condition of such patients seen by physicians outside of the office. In order to plausibly allege

that patients were incorrectly certified, the Relator has to explain as much. Absent such pleadings, her Complaint fails to adequately plead fraud in Counts VII and VIII under Rule 9(b).

### B. Relator has failed to plead a conspiracy involving Dr. Zahwe with sufficient particularity under Rule 9(b).

In order to plead an FCA conspiracy under 31 U.S.C. § 3729(a)(1)(C), Relator must plead an agreement among the alleged participants. *U.S. ex rel. Kalec v. NuWave Monitoring, LLC*, 84 F.Supp.3d 793, 802 (N.D. Ill. 2015). Moreover, that conspiracy must be pled with specificity under Rule 9(b). *Goldberg v. Rush University Medical Ctr.*, 929 F.Supp.2d 807, 825 (N.D. Ill. Mar. 6, 2013); *U.S. ex rel. Grenadyor v. Ukrainian Village Pharmacy, Inc.*, 895 F.Supp.2d 872, 879 (N.D. Ill. Sept. 5, 2012). In addition to alleging who conspired, the Complaint must allege with specificity what they conspired to do, when, where, and how. *Goldberg*, 929 F.Supp.2d at 825; *Grenadyor*, 895 F.Supp.2d at 879; *see also U.S. ex rel. Walner v. NorthShore University HealthSystem*, 660 F.Supp.2d 891, 898 (N.D. Ill. Sept. 18, 2009) ("[Relator] alleges that the Defendants participated in a conspiracy to present false statements and claims to Medicare in order to receive payments. But again, [Relator] fails to plead who agreed with whom, how they agreed, how they decided to file a false claim, who made the alleged misrepresentation, who filed the allegedly false claim, the method by which it was filed, and how much the payment was for.").

Here, Relator fails to allege Dr. Zahwe's participation in the conspiracy with any degree of specificity. Her Complaint contains no allegations which indicate that there were conversations or other communications between Dr. Zahwe and anyone else wherein he agreed (or even was instructed) to certify patients as homebound for the express purpose of receiving higher Medicare payments. Furthermore, Relator doesn't plead any facts indicating that Dr. Zahwe had any relationship whatsoever, working or otherwise, with Gateway Health Systems or any of its employees or representatives—let alone communications between Dr. Zahwe and Gateway wherein the submission of fraudulent claims was discussed or planned. In failing to provide any such detail, Relator's Complaint is absent of any specifics beyond allegations that Dr. Zahwe wrongly certified patients.

Relator's Complaint therefore fails to plead with particularity how a conspiracy was formed involving Dr. Zahwe, and her claim for conspiracy against Dr. Zahwe must be dismissed pursuant to Rule 9(b).

## CONCLUSION

For the reasons above, Defendant Firas Zahwe respectfully requests that the Court dismiss Relator Roxanne Kline's claims against him with prejudice.

Date: March 14, 2022      Respectfully Submitted,

FIRAS ZAHWE

/s/ *John Marrese*
One of the Attorneys for Defendant

Steven Hart
Brian Eldridge
John Marrese
Max Bungert
HART MCLAUGHLIN & ELDRIDGE, LLC
22 W. Washington Street, #1600
Chicago, IL 60602
P. (312) 955-0545
shart@hmelegal.com
beldridge@hmelegal.com
jmarrese@hmelegal.com
mbungert@hmelegal.com

**CERTIFICATE OF SERVICE**

      I, the undersigned, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that, on March 14, 2022, a copy of the above motion served via U.S. mail to Relator Roxanne Kline, 5550 N. Kenmore, APT 1219, Chicago, IL 60640 and was served on all other counsel of record via the Court's electronic filing system.

                                                                                      /s/    *John Marrese*
                                                                                                John Marrese