UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ROXANNE KLINE, and ROXANNE KLINE, individually, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | |
| DOCS AT THE DOOR, P.C., AJIBOLA AYENI, BANIO KOROMA, FIRAS ZAHWE, GATEWAY HEALTH SYSTEMS, INC., and JOY H. TURNER-AYENI, ) ) ) ) ) ) ) | No. 13 C 7837 |
| Defendants. ) ) | Judge Pallmeyer |
| UNITED STATES OF AMERICA, ) ) | |
| Plaintiff-Intervenor, ) ) | |
| v. ) ) | |
| DOCS AT THE DOOR, P.C., AJIBOLA AYENI, GATEWAY HEALTH SYSTEMS, INC., and JOY H. TURNER-AYENI, ) ) ) ) ) ) | |
| Defendants. | |

**RESPONSE TO DOCKET ENTRY 191**

Counsel, Michael C. Rosenblat, hereby submits Counsel's response to Docket Entry 191, directing Counsel to provide notice to the Court that Counsel has returned materials that Ms. Kline provided to Counsel or to explain why Counsel has not returned said materials.

I.     Procedural background.

Counsel was retained by Ms. Kline in 2013 regarding this matter, and on November 1, 2013, this False Claims Act case was filed under seal pursuant to the *qui tam* provisions of the

False Claims Act. On August 7, 2017, the United States filed its notice to intervene in part. On September 22, 2017, this matter was stayed pending resolution of a related criminal matter. [Dkt. 24.] On October 17, 2017, the Government filed its Complaint in Intervention. On January 13, 2022, the stay of this case was lifted. [Dkt. 83] On January 21, 2022, Ms. Kline terminated Counsel's representation after eight years, and this Court granted Counsel's motion to withdraw on February 8, 2022. [Dkt. 87.] On April 26, 2022, Ms. Kline filed a motion for Counsel to return her case file by paper or CD. [Dkt. 96] On April 27, 2022, this Court directed Counsel to return copies of materials to Ms. Kline, which she provided. [Dkt. 99.][1] On June 25, 2025, Ms. Kline again filed a Motion seeking the return of over 300 pages of original evidence. [Dkt. 190.] On June 27, 2025, the Court directed Counsel to confirm in a court filing that Counsel has returned materials that Ms. Kline provided or explain why he has not.

II.     Factual Background Regarding the Return of the Materials

Prior to filing this case under seal, Ms. Kline provided Counsel with approximately 300 pages of material evidence. The materials Ms. Kline provided to Counsel have been returned to her multiple times. Copies of the materials were returned to Ms. Kline on at least the following occasions:

1.      November 1, 2013 - Ms. Kline was provided with a copy of her materials which consisted of the material evidence provided to the Government pursuant to the False Claims Act, along with a file-stamped copy of the complaint.

2.      January 13, 2014 - Ms. Kline was provided with another copy after she stated she lost her copy.

---

[1] Counsel was not provided notice of or an opportunity to respond to Ms. Kline's request. Nonetheless, Counsel mailed Ms. Kline a letter providing her with the opportunity to pick up a copy of her materials and reminding Ms. Kline that she still had not provided Counsel with a valid email address so the materials could be emailed to her. (See Exhibit B.)

3.      June 2014 - Ms. Kline was provided with a third copy of her materials after she stated she lost her copy.

4.      February 26, 2021 - Ms. Kline was emailed a secure link to her materials, a fourth copy, after she stated she lost her copy.

5.      April 20, 2021 - Ms. Kline was emailed a new secure link to the materials, a fifth copy, after she again stated she lost her copy.

On February 11, 2022, Ms. Kline emailed Counsel to state that she had found the documents.  Ms. Kline wrote, "That's alright found it. The 300 pages. I found it. Now [I] know that you did an ok job. I have everything I need." (See Exhibit A).

A few days later, on February 15, 2022, Ms. Kline told Counsel she lost the documents. During that conversation, Counsel advised Ms. Kline that Counsel would email her a link again, and Counsel further explained to Ms. Kline how she can download the documents to Google Drive (Ms. Kline had a Gmail account) so that she would always have them available.  Ms. Kline stated that her email was hacked and that she would provide Counsel with her new email address.  Ms. Kline has not provided Counsel with a new email address.

On April 27, 2022, in response to Ms. Kline's Motion, [Dkt. 96,] this Court directed Counsel to return copies of materials to Ms. Kline.  [Dkt 99.]

On May 12, 2022, Counsel wrote Ms. Kline a letter setting forth the above and further advising her that she can pick up a copy of her materials at my office.  (Exhibit B[2].) Ms. Kline has made no effort whatsoever to obtain an additional copy of the materials, has not responded to Counsel's May 12, 2022, letter, and has made no effort since February 2022 to obtain a sixth copy of her materials.

---

[2] Exhibit B is an overview and does not reference every time Ms. Kline was provided with an additional copy of her materials. In fact, Ms. Kline may have been provided additional copies not referenced in this filing.

III.     Argument

In addition to the multiple times Ms. Kline's documents were previously returned to her, Counsel has a retaining lien on the file, which attaches to documents that came into Counsel's possession in the course of Counsel's professional relationship with Ms. Kline.  A retaining lien permits the attorney to retain the file in the attorney's possession until such time as the client has either satisfied the attorney's claim for fees and expenses or supplied security adequate to protect the attorney's interest.  *Johnson v. Cherry*, 422 F.3d 540, 554 (7th Cir. 2005)

Furthermore, a lawyer's ethical obligations do not prevent an attorney from invoking a retaining lien in furtherance of the attorney's right to compensation. *See* Ill. Rule of Professional Conduct 1.8(i)(1); *see also* American Bar Association's Model Rules of Professional Conduct 1.8(i)(1), 1.16(d) (2000). Retaining liens have been recognized and enforced in Illinois for more than 100 years. *See Sanders v. Seelye,* 128 Ill. 631, 21 N.E. 601, 603 (1889).  *Johnson v. Cherry*, at 555.

Ms. Kline has not satisfied her Counsel's claims for fees and expenses or supplied security to protect Counsel's interests.  Furthermore, Ms. Kline has failed to seek attorney's fees and costs from Defendants pursuant to the False Claims Act and has refused to enter into a Relator share agreement with the Government.

Wherefore, based on the foregoing, Counsel respectfully requests that the Court find that Ms. Kline's materials have been returned, that Counsel has a retaining lien on the materials provided by Ms. Kline, and that Ms. Kline's motion for return of materials be denied. [Dkt. 190.]

Respectfully Submitted,


s/Michael C. Rosenblat
Michael C. Rosenblat

4

Michael C. Rosenblat
MICHAEL C. ROSENBLAT, P.C.
707 Skokie Blvd STE 600
Northbrook, IL 60062
847-480-2390
mike@rosenblatlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Michael C. Rosenblat, an attorney, certify that I caused copies of the foregoing **Response to Docket Entry 191**, to be served pursuant to ECF as to Filing Users and via electronic delivery or U.S. Mail, proper postage prepaid, to the following individual.

<u>s/ Michael C. Rosenblat</u>

Roxanne Kline
4838 N. Sheridan
Chicago IL 60640

# EXHIBIT
# A

**From:**     Roxanne KLine
**To:**         Michael Rosenblat
**Date:**      Friday, February 11, 2022 4:05:27 AM

I need my case that I brought to you.

That's alright found it.   The 300 pages. I found it . Now know that you did an ok job .  I have
everything I need.

# EXHIBIT
# B



847-480-2390
Fax 847-562-5051
www.rosenblatlaw.com

707 Skokie Boulevard, Suite 600
Northbrook, Illinois 60062-2841
mike@rosenblatlaw.com

May 12, 2022

Roxanne Kline
5550 N Kenmore, Apt 1219
Chicago, IL 60640

Re: *Roxanne Kline v. DATD*, 13cv7837

Dear Roxanne:

I am writing to you in response to the court's request that I return copies of the materials you provided to me.

Contemporaneously with the filing of the Complaint under seal and service of the material disclosure on the government, you were provided with a copy of the documents you provided, which were bates labeled and delivered to the government. Around June 2014, you stated you lost your copy of your documents, and another copy was provided to you on a CD on June 8, 2014.

On April 30, 2015, additional documents were returned to you that were mailed to me on February 25, 2015.

Links for you to download your disclosure exhibits were emailed to you on February 26, 2021, and again on April 20, 2021.

On February 11, 2022, you emailed me that you found the documents. Specifically, you stated, "I need my case that I brought you. That's alright found it. The 300 pages. I found it. Now know that you did an ok job. I have everything I need."

On February 15, 2022, you told me you did not have your documents, contrary to your February 11, 2022, email. During our conversation, I advised you that I would email you a link again, and I explained to you how you can download the documents to google drive so that you will always have them available. You, in turn, stated that your email account was hacked and that you would email me your new account. I never received a new email address from you. I also told you that I have an extra paper copy at my office which you could pick up. You failed to email me your new email address or make an effort to pick up your copy.

You may pick up a copy of your documents labeled RK-1 to RK-324 at my office, which is open 9 am to 5 pm Monday through Friday, with 72 hours notice so I can have the documents available for you at the front desk along with a letter acknowledging receipt.

Best wishes,

Michael C. Rosenblat